395 P.2d 837

**UNITED STEELWORKERS OF AMERICA, LOCAL UNION NO. 5236, etc., Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY OF the INDUSTRIAL COMMISSION of Utah, etc., and Columbia Geneva Division of United States Steel Company, Defendants.**

No. 10085.

Supreme Court of Utah.

Nov. 30, 1964.

Draper, Sandack & Saperstein, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Fred F. Dremann, Salt Lake City, E. V. Boorman, Geneva, Parsons, Behle, Evans & Latimer, Salt Lake City, for defendants.

HENRIOD, Chief Justice:

Review of the Commission's denial of unemployment benefits. Affirmed.

A reduction in work at one of the employer's units, accompanied by a proffer to affected employees of employment in another unit at a reduced salary of between 15 and 20 per cent was met by their refusal and a resultant denial by the Commission to pay applicants unemployment benefits. A considerable number of fellow employees accepted the employment offered at a reduced salary.

The act providing benefits for unemployed people whose unemployment results from no fault of their own, was designed to alleviate hardship accruing to the employee and his family because of involuntary layoffs without any available substitute therefor.[1]

The affected employees considered that in refusing the proffered work at lower pay, they might do better elsewhere by taking unemployment compensation plus whatever they could acquire by other disconnected work. This idea has no affinity

1. Title 35, Utah Code Annotated 1953, as amended (which corrected a publisher's error in the 1953 Code. See pocket supplement).

for the spirit or letter of Title 35, as a casual reading thereof will reflect.

■ In reviewing this case, however, we cannot neglect a commentary that the employees involved in apparent good faith were motivated by the erroneous conclusion of their employer, who for years noted only a reduction in force, but did not note on the "blue slips" sent to the Commission any offered substitute employment. When such notation was made someone questioned the propriety of paying the compensation.

The argument that the practice pursued is res judicata, is unimpressive as applied to an administrative agency, since, for one reason, obviously the Commission was uninformed of the true facts. The argument that if the applicants did not take a layoff, they would "bump" subordinates, who would have to take compensation, is philosophic but unrealistic, since under the act it would make no difference.

We think the Union must have determined, and wisely so, to negotiate and obtain a provision in the contract, to assure continuity on a seniority basis, of its members' employment in case of reduction in force, and that any course of conduct between employer and employee, where the Industrial Commission accepts as true the written statements of the employer anent reduction in force and availability of present employment opportunity, if inaccurate, can in no legal or moral sense bind the Commission under the plain statutory interdiction with respect to benefits assured in case of actual, not artificial or desired unemployment, looking toward statutory taxpayer burden.

Plaintiff cites no authority for its contentions. There seems to be none.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.